**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In Re:                                                                                                 Case No. 16-30834

Anthony Michael Darst,                                              Chapter 7 Case

        Debtor.

_____

### DEBTOR'S SECOND SUPPLEMENTAL MEMO OF AUTHORITIES

       The issue has been narrowed to whether a provision in a trust providing for distribution at a certain age somehow invalidates what would otherwise be a valid spendthrift provision. The court is respectfully referred to the following case: *In the Matter of McLaughlin*, 361 N.W.2d 43 (Minn. 1985). Here the trust provided for outright distribution of all remaining assets when the youngest child reached 23. Even though the youngest child had already reached that age, the court enforced the spendthrift clause and declared an attempted garnishment to be ineffective.

       Also please see *Hoff v. McConnell*, 664 F3d 244(5th Cir. 2011). It's not a Minnesota case, but it seems persuasive. As an exception to the spendthrift trust provisions, the trust agreement in the *Hoff* case provided that the beneficiary may make withdrawals of one third of the assets at age 30, one-half the remaining assets at age 35 and the remaining half at age 40. All he had to do to get the money was make a written demand at age 30, at age 35 and again at age 40. He never made such a demand, so all the trust assets were still in the trust when he filed a Chapter 7 bankruptcy at age 37. The following statement by the court, starting at page 250, shows the similarities in this case to the language in the D.B. Darst trust:

> "But, by diluting the otherwise solid spendthrift nature of the Trust with a detailed method by which Hoff could withdraw portions of the principal at various future times, Mary also exhibited the determination that her grandson be able to obtain some of the assets of the Trust incrementally, between ages 30 and 40, during which period she presumably anticipated (or at least hoped) that he would learn by experience to manage his own finances without risking all trust property at once."

The holding of the 5th Circuit was that the bankruptcy trustee was entitled to that portion of the trust which the Debtor could have withdrawn on the date he filed his bankruptcy. The half of the trust which the Debtor could not touch until he was 40 was not part of the bankruptcy estate. At page 254 the court stated:

> "Hoff's bankruptcy trustee, Appellee herein, is therefore entitled to withdraw, for the benefit of Hoff's bankruptcy estate, trust principal with a current value equal to the value of one-half of the principal that remained in trust on Hoff's 35th birthday."

At last Tuesday's hearing Ms. Sieling stated that she thought *Thompson-Rossback v. Doeling,* 541 B.R. 451 (8th Cir. BAP 2015) was off point and not applicable. We disagree. It is quite on point. The 8th Circuit BAP considered the spendthrift clause to be valid, and the whole opinion is about trying to decide if the clause was applicable, not whether it was valid. At page 455 the court does not question the validity of the clause in the least, but states:

> "In this case, Thompson-Rossbach and Doeling agree the trust agreement included a valid spendthrift provision. They disagree, however, on whether that spendthrift provision applied to Thompson–Rossbach's interest in the Trust on the petition date."

The D.B. Darst Trust had language similar to the language in *Thompson-Rossback* about distributions being alienable after attaining a certain age. In the *Thompson-Rossback* case that age was 21, but in the D.B. Darst Trust the age is 35 for the first half and 40 for the rest. Clearly in our case the spendthrift clause is applicable.

In all the cases we have cited, the courts view their role as ascertaining the intent of the donor and then following that intent. In the unreported case of *In re Held*, BKY 00-42785, ADV 00-4225, Judge Dreher considered a spendthrift clause like the one in question which had language allowing alienation after attaining a certain age. In interpreting the provision, she never questioned whether it was valid, but only tried to decide if it was applicable under the facts of the case. In that case the trust provisions were contained in a will, and distribution was required at age 25. By the time the decedent died, all the beneficiaries were over 25. At page 35 Judge Dreher referred to "Held's apparent intent to remove any restrictions on alienation once his children reached a certain age and were presumably considered mature enough to make decisions about the use of their portion of the trust assets." Judge Dreher decided that the spendthrift clause did not apply "as a result of all of the children being at least twenty-five years of age." (page 34).

Obviously D.B. Darst's intent in the present case was to ensure that his children were mature enough to make wise decisions before receiving substantial assets. Knowing the personalities of his children including the Debtor, D.B. Darst decided to set age 35 as the time for the first distribution and the date when the first half of Debtor's interest would become alienable. Clearly his intent was that the assets be entirely protected by the spendthrift clause until age 35, and even then only half was intended to be alienable and the rest not until age 40. In *Hoff v. McConnell*, *Thompson-Rossback* and *Held*, the spendthrift provisions were not invalid, they were just not applicable to all or part of the trust, because the age where alienation was permitted had already arrived.

In our case the Debtor is only 30 and has not reached the age where the spendthrift clause permits any alienation whatsoever. The spendthrift clause is therefore both applicable and valid. It should perhaps be mentioned that in the Darst family people have a tendency to die young. The Debtor's father died at age 44, and his mother had died before that. With that kind of family history, the attainment of age 35 is a real contingency.

Respectfully submitted,

Dated: July 18, 2016						**THOMAS F. MILLER,  P.A.**

                 **BY:** /s/Thomas F. Miller
                     Thomas F. Miller (#73477)
                     Attorney for Debtor
                     1000 Superior Blvd # 303
                     Wayzata, MN 55391
                     Tel: ((952) 404-3896
                     Fax: (952) 404-3893
                     Email: thomas@millerlaw.com

Dated: July 18, 2016						**DAVID J. KELLY ATTORNEY AT LAW,  P.A.**

                 **BY:** /s/David J. Kelly
                     David J. Kelly (#54653)
                     Attorney for Debtor
                     11900 Wayzata Blvd. #116E
                     Minnetonka, MN 55305
                     Tel: (952) 544-6356
                     Fax: (952) 529-7924
                     Email: dave@kelly-law.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In Re:                                                    Case No. 16-30834

Anthony Michael Darst,                                    Chapter 7 Case

        Debtor.

_____

**UNSWORN CERTIFICATE OF SERVICE**

    I, David J. Kelly, declare under penalty of perjury that on July 18, 2016, I caused copies of the foregoing Debtor's Second Supplemental Memo of Anthony Michael Darst, Debtor, to be sent by electronic noticing to each entity named below:

United States Trustee
300 South Fourth St.
Minneapolis, MN 55415

Michael J. Iannacone
Iannacone Law Office
8687 Eagle Point Blvd.
Lake Elmo, MN 55042


Dated: July 18, 2016                        /s/ David J. Kelly (#54653)